■ ENRIQUETTA KINGSLEY, Appellant, v MANDELL FOOD STORES, Doing Business as KEY FOOD STORE, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered March 22, 1976, which, after a trial by jury on the issue of liability only, is in favor of defendant-respondent and against her. Judgment reversed, on the law and in the interest of justice, without costs or disbursements, and new trial granted. Defense counsel's inflammatory remarks concerning plaintiff-appellant may well have affected the jury's verdict and thereby deprived her of a fair trial. Furthermore, while a Trial Judge has the right, indeed, the obligation, to clarify matters that may be unclear to a jury, he should never do so in a manner which may possibly lead the triers of the facts to believe that he has a view of the facts which they should adopt. In this case the Trial Judge, by the questions he asked in an endeavor to keep the record clear, may well have caused the jury to believe the defendant-respondent's position. Latham, Shapiro and O'Connor, JJ., concur. Martuscello, J. P., dissents and votes to affirm the judgment with the following memorandum: In my view, neither the conduct of the Trial Judge nor that of defense counsel was prejudicial to plaintiff.

■ MIKE LEITMAN et al., Appellants, v CHARLES S. BALDWIN et al., Respondents.—In an action to compel the defendants mortgagees to release certain premises from the lien of a mortgage, and for money damages based upon their refusal to so release the premises, plaintiffs appeal from an order of the Supreme Court, Orange County, dated August 4, 1976, which: (1) granted defendants' motion to dismiss the complaint; and (2) denied their cross motion for summary judgment. Order affirmed, with $50 costs and disbursements. Plaintiffs-appellants assert as error Special Term's refusal to allow parol evidence to interpret what is alleged to be an "ambiguous" term of the mortgage contract. We agree with Special Term that the language is inescapably clear, unambiguous, and permits but one conclusion as to the intent of the parties (see 4 Williston, Contracts [3d ed], § 609 *et seq.).* Accordingly, parol evidence cannot be introduced for the purposes of interpretation or construction. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.

■ CLAUDA H. LEVINE, Respondent, v ANTHONY C. TOMMASI, Appellant. —In a habeas corpus proceeding, the appeal is from a judgment of the